# EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

PATRICIA CRAWLEY,

     Plaintiff,

v.

CACH, LLC,

     Defendant.

CIVIL DIVISION

No. GD - 18 - 016857

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiff

Counsel of Record for This Party:

PHILIP A. FABIANO, ESQUIRE
PA ID No. 44751

310 Grant Street, Suite 2727
Pittsburgh, PA 15219
(412) 246-4771

**JURY TRIAL DEMANDED**

ALLEGHENY COUNTY, PA
CIVIL/FAMILY DIVISION

2018 DEC 18 PM 2:10

FILED

OPS$ADAM1
OPS$
18 December 2018
14:17:31
GD-18-016857

PATRICIA CRAWLEY,

    Plaintiff,

  v.

CACH, LLC,

    Defendant.

CIVIL DIVISION

No.

## NOTICE TO DEFEND

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP]. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Allegheny County Bar Association
436 7th Avenue, Suite 1100
Pittsburgh, PA 15219
Telephone: (412) 261-5555

PHILIP A. FABIANO LLC

Date: _____

**JURY TRIAL DEMANDED**

_____
Philip A. Fabiano

PATRICIA CRAWLEY,         ARBITRATION DIVISION

     Plaintiff,

                                No.

v.

CACH, LLC,

     Defendant.

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff Patricia Crawley by and through her attorney Philip A. Fabiano, Esquire and brings this action to recover damages because of Defendant's acts and/or omissions with respect to the collection of an alleged debt and alleges:

     1.      Plaintiff, Patricia Crawley (herein "Plaintiff") is an individual, *sui juris*, who resides at 734 Millstreet, #1, Bridgeville, Allegheny County, Pennsylvania 15017.

     2.      Plaintiff is a "consumer" within the meaning of the Fair Debt Collections Practices Act (FDCPA), as defined by 15 U.S.C. §1692a(3).

     3.      Defendant CACH, LLC ("Defendant"), is a business entity with a principal place of business at 4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237.

     4.      Defendant is a business entity engaged as "debt collectors" as defined and within the meaning of the FDCPA, 15 U.S.C. §1692a(6), and as a person/entity under Pennsylvania law engaged in the business of purchasing large portfolios of delinquent consumer debts for pennies on the dollar and collecting debts in this Commonwealth and where, moreover, Defendant regularly collects or attempts to collect debts owed or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone and litigation through civil actions.

5.     At all times material hereto, Defendant acted on its own behalf and by and through its agents, servants and employees who were acting within the scope and course of their authority with the Defendant.

6.     Venue is proper in this jurisdiction since the violation of Plaintiff's rights as alleged herein occurred in Allegheny County, Pennsylvania, and Defendant does substantial and continuous business in this jurisdiction.

## FACTUAL ALLEGATIONS

7.     Upon information and belief, Defendant purchases delinquent debt accounts for nominal sums in comparison to the original debt. Defendant files lawsuits to collect the full, original amount of the alleged debt with a large percentage of Defendant's filings resulting in default judgments. *See gen.* FTC report: The Structure and Practices the Debt Buying Industry.

8.     It is the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *See* 15 USC §1692.

9.     15 U.S.C. §1692 is entitled "Congressional findings and declaration of purpose" and states as follows:

(a)     There is *abundant evidence* of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy.*

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     *Means other than* misrepresentation or other *abusive debt collection practices are available for the effective collection of debts.*

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the *purpose* of this title to *eliminate abusive debt collection practices* by debt collectors, to *insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,* and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. §1692(a)-(e) emphasis added.

10. The FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections,* 385 F.3d 337,345 (3d Cir. 2004). The FDCPA provides for a fee shifting provision, i.e. the debt collector shall pay the customer's attorney fees.

11. The FDCPA is a strict liability statute: proof of one violation is sufficient to support judgment for the consumer. *Cacace v. Lucas,* 775 F. Stipp. 502, 505 (D. Conn. 1990).

12. Defendant is subject to the Fair Debt Collection Practices Act, 15 USC § 1692, *et seq.*, (FDCPA), because, as described herein, Defendant is a "debt collector."

13. Pursuant to 15 USC 1692a(6): "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

14. Debt collectors such as Defendant are liable for the acts and/or omissions of their agents including counsel hired by the debt collector. *See: Martinez v Albuquerque Collection Services,* 867 F.Supp. 1495 (D.NM 1994), (Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's

attorney's conduct because otherwise collector could evade the FDCPA by hiring attorney to do what it could not do); *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1516 (9th Cir.1994) (after repeal of attorney exemption, debt collector still liable under the FDCPA for its attorney's conduct; otherwise the venue provision superfluous for the first nine years of its operation; *Kimber v. Fed. Fin. Corp.,* 668 F.Supp. 1480, 1486 (M.D.Ala.1987) (while attorney exemption intact, debt collector liable under the FDCPA for its attorney's violations); *West v. Costen,* 558 F.Supp. 564, 573 (W.D.Vir.1983) (creditor corporation liable under the FDCPA for the acts of its independent collection agents).

15. The question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims. *McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992).

16. On or about June 23, 2015, Defendant, by and through the law firm of Ryan Calef, Esquire, with a listed address of 1276 Veterans Highway, Suite E-1, Bristol Pennsylvania 15146, filed a complaint in civil action against Plaintiff.

17. The lawsuit was filed in the Court of Common Pleas of Allegheny County at Docket No. AR 15-003007. (A copy of the docket is attached as **Exhibit 1**)

18. The complaint involved a consumer loan with the alleged original creditor HSBC Consumer Lending USA, Inc. and alleged a breach of the written contract by and between them [Patricia Crawley and HSBC] and demanded judgment the amount of **$3,600.26**. (CACH complaint at ¶4 emphasis in original) (A copy of the complaint, without exhibits, is attached as **Exhibit 2**)

19. The complaint alleged Defendant, CACH purchased the alleged delinquent account from Springleaf Financial, who had previously acquired the account from HSBC. (Id. complaint ¶6)

20. Plaintiff, Patricia Crawley retained an attorney to represent her with respect to the lawsuit filed by the Defendant.

21. Plaintiff Patricia Crawley filed a series of preliminary objections to the Complaint and, by Order of Court dated January 27, 2016, the court dismissed the action filed by Defendant *with prejudice*. (A copy of the January 27, 2016 order is attached as **Exhibit 3**)

22. The significance of a dismissal *with prejudice* as opposed to *without prejudice* is that with a dismissal "with prejudice" a lawsuit for payment on the alleged delinquent account can never be brought against the alleged debtor unless the debtor reaffirms the obligation.

23. The court docket as well as the preliminary objections lists Philip A. Fabiano, Esquire, 100 Ross Street, Suite 101, Pittsburgh, Pennsylvania 15219 as counsel for then Defendant, now Plaintiff, Patricia Crawley. (See copy of the docket is attached as **Exhibit 1**)

24. Counsel for now Plaintiff, Patricia Crawley, by letter dated October 20, 2015 and addressed to counsel for CACH informed counsel of the representation and further indicated:

> **Please note that regardless of the outcome of these pleadings, I will continue to represent the Defendant [Patricia Crawley] and any contact regarding these claims should be directed to me. Kindly inform your client.**

(A copy of the letter is attached as **Exhibit 4**, emphasis in original) (At least three other similar letters with the same notation regarding representation were sent to defendant's counsel prior to the October 20, 2015 letter.)

25. On or about January 8, 2018, Defendant, through its counsel, Patenaude and Felix, APC, directly wrote Plaintiff Patricia Crawley indicating "the above-referenced debt [the

$3,600.26 CACH debt], has been assigned to initiate collection efforts" and, in addition, warned Ms. Crawley that to "eliminate further collection action," she should pay the $3,600.26 obligation to Defendant, CACH. (A copy of the January 18, 2018 letter is attached as **Exhibit 5**)

26. The letter was not sent to Plaintiff's attorney of record, Philip A. Fabiano, Esquire, but was instead mailed directly to Plaintiff Patricia Crawley at her home.

27. Plaintiff Patricia Crawley reasonably understood the January 8, 2018 letter to mean that if she did not arrange to pay the alleged debt, she would be sued for payment.

28. The Plaintiff's concern that she would be sued on a debt that was the subject of the 2016 collection lawsuit and that had previously been dismissed *with prejudice*, materialized approximately one month later.

29. On or about February 22, 2018, Defendant, CACH filed a civil action collection complaint against Plaintiff Patricia Crawley before Pennsylvania Magisterial District Judge Maureen McGraw-Desmit at docket no. MJ05221-cv-0000037-2008. (A copy of the docket is attached as **Exhibit 6**).

30. The lawsuit filed by Defendant alleged it was the successor in interest on a defaulted credit account issued by HSBC Consumer Lending (USA), Inc. and demanded from Patricia Crawley $3,600.26. (A copy of the complaint is attached as **Exhibit 7**)

31. The lawsuit filed by Defendant in magisterial court was based on the *same* alleged obligation and demanded the *same* amount in judgment as the action previously by filed by Defendant in the Court of Common Pleas of Allegheny County at AR 15-003007 that was dismissed with prejudice.

32. The second/new complaint filed by Defendant, CACH, in magisterial district court, had no basis in law or fact and was a complaint for which no relief could be granted the Defendant.

33.    A hearing on the "new" lawsuit was scheduled for April 3, 2018.

34.    On or about March 8, 2018, Plaintiff was served with the complaint filed by Defendant, CACH. (See docket attached as **Exhibit 6**)

35.    On March 5, 2018, counsel for Plaintiff entered an appearance for Plaintiff and gave notice of Plaintiff's intention to present a defense at the hearing. A copy of the entry of appearance letter was mailed to counsel for Defendant. (A copy of the entry for appearance letter is attached as **Exhibit 8**)

36.    On or about March 6, 2018, Defendant sent another letter *directly* to Plaintiff, Patricia Crawley, urging payment and settlement of the claim, and, if accepted, Defendant would take all steps necessary to discontinue the magisterial court lawsuit filed against Plaintiff, Ms. Crawley. (A copy of the March 6, 2018 letter is attached as **Exhibit 9**)

37.    On or about March 7, 2018, the court notified CACH/Defendant's counsel of Plaintiff's intention to defend the claim. (A copy of the court notice is attached as **Exhibit 10**)

38.    Defendant, CACH thereafter withdrew the lawsuit.

39.    On or about March 9, 2018, the magisterial court issued a disposition showing the complaint was "Dismissed Without Prejudice." (A copy of the disposition is attached as **Exhibit 11**)

40.    The significance of a dismissal "without prejudice" as opposed to "with prejudice" is that the Defendant retains a right to refile the action at a later date.

41.    At the time of the Defendant's letter to Plaintiff Ms. Crawley on January 8, 2018 and prior to the second lawsuit filed by Defendant, counsel for the Plaintiff had not terminated his representation of the Plaintiff that was known or should have been known to the Defendant.

42. Prior to sending letters directly to the Plaintiff and prior to entering another lawsuit against the Plaintiff, Defendant did not contact counsel for the Plaintiff to determine if representation of the Plaintiff had ended.

43. The Defendant had actual knowledge and knew or should have known that Plaintiff was represented by counsel and the name and address of counsel and, yet, chose to communicate directly with the Plaintiff in contravention of the express provision of the FDCPA; which reads in pertinent party:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall -
>
> ****
>
> (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

44. The Defendant had actual knowledge and knew or should have known that Plaintiff was represented by counsel and the name and address of counsel and, yet, chose to communicate directly with the Plaintiff in contravention of the express provision of the Pennsylvania Rules of Professional Responsibility Rule 4.2 Communication With Person Represented By Counsel, which reads:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

45.     The filing of a second lawsuit in an effort to collect on a claim that had already been dismissed with prejudice is deceptive and fraudulent.

46.     The conduct of Defendant(s), their agents, servants, and/or employees, as described above, violates the FDCPA, 15 U.S.C. § 1692e (2), (5), (8) and (10) entitled "False or misleading representations." Section 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The Act further delineates, without limiting the generality of the foregoing provisions, sixteen specific types of conduct that violate §1692. Plaintiff alleges defendant(s), their agents, servants, and/or employees, conduct described above violated the general prohibition against false or misleading representations set forth in the opening paragraphs of the Act.

47.     Additionally, Plaintiff alleges the conduct at issue violated three specific provisions of §1692 as follows:

****

(2) The false representation of -
(A) the character, amount, or legal status of any debt;

****

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

****

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

****

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

48. In committing the acts and omissions as aforesaid, defendant acted intentionally, oppressively, maliciously and fraudulently, with a conscious disregard of plaintiff's rights, with the sole intention of benefiting itself financially and with the intention of causing or recklessly disregarding the probability of causing injury to plaintiff. In so acting, defendant intended to and did vex, annoy, injure and harass plaintiff. Because of such conduct, plaintiff is entitled to exemplary and punitive damages.

49. As a direct and proximate result of the aforementioned acts and/or omissions of defendant, plaintiff suffered actual and consequential damages, including (1) potential negative references on her credit report; (2) mental anguish, anxiety, fear and embarrassment, and (3) attorney's fees, costs, and other foreseeable economic losses all to plaintiff's damage in a total amount to be shown by proof at the time of trial.

50. As an actual and proximate result of the acts and omissions of defendant, plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotion stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

51. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the defendant.

52. Plaintiff suffered actual harm by being the target of the defendant's misleading debt collection communications.

53. Defendant violated the plaintiff's right not to be the target of misleading debt collection communications.

54. Defendant violated the plaintiff's right to a truthful and fair debt collection process.

in its attempted collection of an alleged debt plaintiff Patricia Crawley did not owe.

56.    Defendant's communications were designed to cause the plaintiff to suffer a harmful disadvantage in charting a course of action in response to defendant's collection efforts.

## COUNT I - VIOLATION FDCPA

57.    Plaintiff restates each statement, allegation, and averment set forth in paragraph 1 through 56 above, as if such statements, allegations, and averments were set forth fully herein.

58.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3) and for purposes of the Act, Plaintiff must be presumed to be "least sophisticated consumer."

59.    Defendant, its agents, servants, and/or employees, are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

60.    The conduct of Defendant, its agents, servants, and/or employees, as described above, violates the FDCPA, 15 U.S.C. § 1692e (2), (5), (8) and (10) entitled "False or misleading representations." Section 1692 provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. It delineates, without limiting the generality of the foregoing provision, sixteen specific types of conduct that violate §1692(e). Plaintiff alleges Defendant, its agents, servants, and/or employees, conduct described above violated the general prohibition against false or misleading representations set forth in the opening paragraphs.  Plaintiff alleges the conduct at issue violated three specific provisions of §1692 as follows:

****
(2) The false representation of -
(A) the character, amount, or legal status of any debt;

****

(9) The threat to take any action that cannot legally be taken or that is not intended to be taken.

**\*\*\*\***

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**\*\*\*\***

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

61.     Additionally, Plaintiff alleges that the conduct at issue violated the specific provisions of §1692(b)(6) as follows:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall -

**\*\*\*\***

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

15 U.S. Code §1692(b)(6)

62.     The filing of a lawsuit is a powerful tool designed, in part, to wrench compliance with payment terms, which in this case were not owed.

63.     Defendant, in addition, knowingly, or in the exercise of reasonable diligence should have known and in reckless disregard of the facts, communicated directly with Plaintiff and not Plaintiff's counsel when Defendant knew Plaintiff was represented by counsel.

64. Defendant knowingly, or in the exercise of reasonable diligence should have known and in reckless disregard of the facts, threatened a lawsuit and thereafter caused a lawsuit to be filed against Plaintiff when Defendant knew the lawsuit previously filed on the same claim demanding the same judgment was dismissed with prejudice.

65. Defendant, its agents, servants, and/or employees, actions described above also constitute a violation of 15 U.S.C. § 1692f entitled "Unfair practices", which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

66. Defendant, its agents, servants, and/or employees, actions in filing the second lawsuit after the first was dismissed with prejudice and directly communicating with the Plaintiff was done knowingly, maliciously, recklessly and with the intent thereby of improving the chances of obtaining a monetary payment from Plaintiff.

67. Plaintiff has been damaged as a result of the actions of Defendant, its agents, servants, and/or employees, because of the false, deceptive and misleading representations, practices and violations outlined herein.

68. As a result of Defendant, its agents, servants, and/or employees, violations of the FDCPA as set forth herein, Defendant, its agents, servants, and/or employees, are liable to Plaintiff pursuant to 15 U.S.C. § 1692k (a)(2)(B) as follows: (i) for each Plaintiff, the amount of actual damages sustained, plus $1,000 per violation; (ii) punitive damages; (iii) costs of bringing this action, plus reasonable attorneys' fees as determined by the court; (iv) such other and further relief as the Court deems appropriate.

## COUNT II - VIOLATION PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 C.S.A. §201-1 *et. seq.*

69. Plaintiff restates each statement, allegation, and averment set forth in paragraph 1 through 68 above, as if such statements, allegations, and averments were set forth fully herein.

70. For the reasons set forth above, including, but not limited to, communicating directly with the Plaintiff when Defendant knew Plaintiff was represented by counsel making representations that Plaintiff understood were threatening a lawsuit and filing a second lawsuit against the Plaintiff when the first lawsuit was dismissed with prejudice and which was subsequently withdrawn but nonetheless carried the disposition notice from the court that the second lawsuit was without prejudice confusing the Plaintiff that there is the possiblity for the Defendant to refile a lawsuit for a third time; unnecessarily and unreasonably compelling litigation; Defendant has engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or misunderstanding and committed unfair and deceptive business practices prohibited by and specified in Sections 201-2(4) (v), (vii), (xi) and (xxi) the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 72 P.S. §201-1, et. seq., for which defendant is liable for treble damages, plus attorneys' fees.

71. The Plaintiff believes and therefore avers, the foregoing acts and omissions of the defendant were undertaken by it willfully, intentionally and knowingly as part of its routine debt collecting business, and plaintiff relied upon such actions and representations as being lawful, yet such conduct is prohibited.

72. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same deceptive acts and practices.

73. Defendant's unfair and deceptive acts have proximately caused emotional and actual damage, and defendant is liable to plaintiff for such injury in a total amount to be shown by proof at the time of trial.

# COUNT IV – VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT AND UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 Pa. C.S.A. §2270.1 *et. seq.* AND 73 Pa. C.S.A. §201-1 *et. seq.*

74.    Plaintiff restates each statement, allegation, and averment set forth in paragraph 1 through 73 above, as if such statements, allegations, and averments were set forth fully herein.

75.    Defendant is within the class of "debt collectors" as defined by 73 P.S. §2270.3.

76.    Plaintiff is within the class of "consumers" as defined by 73 P.S. §2270.3.

77.    The conduct of defendant as set forth constitutes a violation of the PFCUA §§2270.4(a),4(b)(2)(ii)(b)(4).

78.    Defendant continued to contact and pursue Plaintiff directly after Defendant was aware Plaintiff had counsel and, thereafter, sued Plaintiff on a claim that had been previously dismissed with prejudice.

79.    The foregoing acts and omissions of defendant constitute multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. §2270.4(a), as evidence by the following conduct:

    (a)    The use of false, deceptive or misleading representations or means in connection with the collection of debt;

    (b)    Making false, deceptive or misleading representations with regard to the character, amount or legal status of the alleged debt;

    (c)    The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

    (d)    The use of unfair or unconscionable means to collect or attempt to collect an alleged debt; and

    (e)    Attempting to collect any amount not authorized by agreement or permitted by law.

given directly to the creditor or the express permission of a court of competent jurisdiction, a creditor may not communicate with a consumer in connection with the collection of any debt…if the creditor knows the consumer is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain such attorney's name and address unless the attorney fails to respond within a reasonable period of time to communication from the creditor or unless the attorney consents to direct communication with the consumer." 73 Pa. Stat. Ann. §2270.4(b)(2)(ii)

81.    Here, defendant's conduct in directly communicating with plaintiff constituted a violation of 2270.4(b)(2)(ii) because defendant knew both (i) that plaintiff was being represented by counsel with respect to the alleged debt, and (ii) the name and address of the attorney for the plaintiff who was acting as plaintiff's legal representative.

82.    Section 2270.4(b)4 provides that "[a] creditor may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." 73 Pa. Stat. Ann. §2270.4(b)(4).

83.    Section 2270.4(b)(5) provides, in relevant part: "A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph: (ii) the false representation of the character, amount or legal status of any debts. 73 Pa. Stat. Ann. §2270.4(b)(5).

84.    Defendant's actions in this matter were designed to harass, oppress or abuse the plaintiff in connection with the collection of this debt.

85.    Plaintiff has been damaged as heretofore set forth.

86. PFCEUA §2270.5(a) states "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of ...the Unfair Trade Practices and Consumer Protection Law."

87. Defendant's actions in this matter were unfair and deceptive under the debt collection act and constitute a violation of UTPCPL.

88. The UTPCPL §201-9.2 states that a plaintiff "may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100) and may provide such additional relief as it deems necessary or proper. The court, in addition, may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

89. As a direct and proximate result of defendant's aforesaid conduct, plaintiff suffered emotional distress, annoyance and severe inconvenience.

90. Furthermore, defendant's actions were intentional, wanton and reckless. Defendant intentionally violated the prohibition against direct client communication in an attempt to defraud and deceive plaintiff.

## COUNT V – INVASION OF PRIVACY

91. Plaintiff restates each statement, allegation, and averment set forth in paragraph 1 through 84 above, as if such statements, allegations, and averments were set forth fully herein.

92. Pennsylvania law recognizes plaintiff's right to be free from invasion of privacy including intrusion upon seclusion and Pennsylvania has adopted Restatement 2d Torts, §652b-e; *Santillo v. Reedel*, 634 A.2d, 264 (PaSuper. 1993).

93.     Congress further explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs and *to invasions of individual privacy.*

15 U.S.C. §1692(a) [emphasis added]

94.     Congress further recognized, as an example, a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that *each financial institution has an affirmative and continuing obligation to respect the privacy of its customers* and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. §6801(a) [emphasis added]

95.     Defendant intentionally, recklessly and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of plaintiff, namely by repeatedly and improperly attempting to collect a debt and thereby invaded plaintiff's privacy and filing and maintaining suit against plaintiff on a claim that had been previously dismissed with prejudice.

96.     Defendant intentionally, recklessly and/or negligently caused emotional harm to plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon plaintiff's right to privacy as aforesaid.

97.     Plaintiff had a reasonable expectation of privacy in plaintiff's solitude, seclusion, private concerns or affairs and private financial information.

98.     The conduct of Defendant in engaging in the above-described collection conduct against plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

99.     As a result of such intrusions and invasions of privacy, plaintiff is entitled to actual damages in an amount to be determined at trial.

100.     All acts of Defendant were committed with malice, intent, wantonness and/or recklessness and as such Defendant is subject to punitive damage.

## PRAYER FOR RELIEF

Plaintiff prays this Court:

1.     Declare that Defendant's debt collection practices with respect to the Plaintiff violated the FDCPA, PUTPCPL and PFCRUA.

2.     Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA in an amount in excess of the arbitration limits of the court.

3.     Award treble damages and counsel fees under PUTPCPL in an amount in excess of the arbitration limits of the court.

4.     Award damages for the fear, stress, mental anguish, emotion stress and acute embarrassment caused by the acts/omissions of the Defendant in excess of the arbitration limits of the court.

5.     Award actual and statutory damages under the Pennsylvania Fair Credit Extension Uniformity Act in excess of the arbitration limits of the court.

6.     Award Punitive damages in an amount in excess of the arbitration limits of the court.

7.    Grant such further relief as deemed just.

Respectfully submitted,

_____
Philip A. Fabiano
Counsel for Plaintiff
310 Grant Street, Suite 2727
Pittsburgh, PA  15219
(412) 246-4771

## <u>VERIFICATION</u>

The undersigned, having read the attached pleading, verifies that the within pleading is

based on information furnished to counsel, as well as information gathered by counsel in the course

of this lawsuit. The language of the pleading is that of counsel and not of the signer. Signer

verifies that he/she has read the within pleading and that is true and correct to the best of the

signer's knowledge, information and belief. To the extent that the content of the pleading is that

of counsel, I have relied upon counsel in making this Verification. This Verification is made

subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsifications to authorities.

DATED: 8/23/18

Patricia Crawley

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Philip A. Fabiano

Signature: _____

Name: Philip A. Fabiano

Attorney No.: 44751

| | |
|---|---|
| Filing Date: | 06/23/2015 |
| Filing Time: | 3:43:12 |
| Related Cases: | |
| Consolidated Cases: | |
| Judge: | Wettick Jr. R. Stanton |
| Amount in Dispute: | $3842.26 |

| | |
|---|---|
| Case Type: | Contract - Debt Collection |
| Court Type: | Arbitration |
| Current Status: | Order of Court |
| Jury Requested: | No |

## ⊟ Parties

Count : 7

### —Litigants—

Search

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Cach LLC | | | Plaintiff | 4340 S. Monaco Street 3nd Floor Denver CO 80237 | -- | Ryan Edward Calef |
| Crawley | Patricia | | Defendant | 734 Mill Street Apt.1 Bridgeville PA 15017 | 06/26/2015 16:15 | |

Showing 1 to 2 of 2 rows

### —Attorney—

Search

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Taber | Lynn | Marie | Plaintiff's Attorney | -- | |
| Calef | Ryan | Edward | Plaintiff's Attorney | -- | |
| Fabiano | Philip | A | Defendant's Attorney | -- | 4122817200 |

Showing 1 to 3 of 3 rows

### —Non Litigants—

Search

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Wettick Jr. | R. | Stanton | Judge | 818 City-County Building Pittsburgh PA 15219 | |
| Arbitration Center | | | Arbitration Center | 414 Grant Street Courtroom 2, 7th Floor Pittsburgh PA 15219 | |

Showing 1 to 2 of 2 rows

## ⊟ Docket Entries

Count : 10

Search

| Filing Date | Docket Type | Docket Text | Filing Party | Redacted Document |
|---|---|---|---|---|
| 1/27/2016 | Order of Court | Dated 01/27/16 order that pltf. second amended complaint is stricken and this case is dismissed with prejudice, Wettick. J. copies sent | R. Wettick Jr. Stanton | Document 10 |
| 10/21/2015 | Preliminary Objections | And brief in support of preliminary objections to plaintiff's second amended complaint and proposed order of court For argument on 11/06/2015 Wettick. J. | Patricia Crawley | Document 9 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION

COVER SHEET

| Plaintiff(s) | |
|---|---|
| **CACH, LLC**<br>**4340 S MONACO STREET**<br>**DENVER, CO 80237** | Case Number: AR-15-00 3007 |
| | Type of Pleading:<br>CIVIL COMPLAINT |
| | Code and Classification: |
| | Filed on behalf of<br><br>CACH, LLC- PLAINTIFF<br><br>(Name of the filing party) |
| | ☐ Counsel of Record<br><br>☐ Individual, If Pro Se |
| Vs. | |

| Defendant(s) | Name, Address and Telephone Number: |
|---|---|
| PATRICIA CRAWLEY<br>734 MILL ST # 1<br>BRIDGEVILLE, PA 15017 | RYAN E. CALEF, ESQ.<br>1276 VETERANS HWY-SUITE E-1<br>BRISTOL, PA 19007<br>215-428-0666 |
| | OCT - 7 2015 |
| | HEARING DATE<br>COURT ROOM 2, 7TH. FLOOR<br>CITY-COUNTY BUILDING<br>9:00 A.M. |
| | Attorney's State ID: 208656 |
| | Attorney's Firm ID: |

DEPT. OF COURT RECORDS
CIVIL FAMILY DIVISION
ALLEGHENY COUNTY PA

2015 JUN 23 PM 3: 43

FILED

OPS$CAROLL
06-23-2015    03:46:02
AR-15-003007

The Law Firm of Ryan E. Calef & Associates, LLC.
Attorney ID: 208656
1276 Veterans Highway
Suite E-1
Bristol, PA 19007
(888)275-6399/(215) 428-0666
Attorney for Plaintiff

| | |
|---|---|
| CACH, LLC<br>4340 SOUTH MONACO STREET 2ND FLOOR<br>DENVER, CO 80237<br><br>               Plaintiff,<br><br>  vs.<br><br>PATRICIA CRAWLEY<br>734 MILL ST # 1<br>BRIDGEVILLE, PA 15017 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **COURT OF COMMON PLEAS**<br>  **ALLEGHENY COUNTY**<br><br><br><br><br>  No.: |

## COMPLAINT

To:   **PATRICIA CRAWLEY**
       **734 MILL ST # 1**
       **BRIDGEVILLE, PA 15017**

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served. By entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and the court without further notice may enter a judgment against you for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**ALLEGHENY COUNTY BAR ASSOCIATION**
**11TH FLOOR KOOPERS BUILDING- 436 SEVENTH AVENUE**
**PITTSBURGH, PENNSYLVANIA, 15219**
**412-261-5555**

<u>AVISO</u>

Le han demandado a usted en ia corte. Si usted quiere defenderse de estas demandas expuestas en las pagins siguientes. Usted tiene veinte (20) dias de plaza al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia excrita o en persons o con abogado y entregar o sus objecciones a las demandas en contra de su persona. Se avisado que si usted no se defiende. La corta tomara medidas y puede continuar la demada en contra suya sin previo Avisa o notificion. Ademas la corte puede decidie a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedas o otros derechos imporrantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSOAN O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ALLEGHENY COUNTY BAR ASSOCIATION**
**11TH FLOOR KOOPERS BUILDING- 436 SEVENTH AVENUE**
**PITTSBURGH, PENNSYLVANIA, 15219**
**412-261-5555**

Plaintiff, **CACH, LLC**, by its attorneys, The Law Firm of Ryan E. Calef & Associates, LLC., by way of complaint against Defendant **PATRICIA CRAWLEY**, avers the following:

1. Plaintiff, **CACH, LLC**, is a Colorado limited liability company doing business at 4340 South Monaco Street 2nd Floor, Denver, CO 80237.

2. Defendant, **PATRICIA CRAWLEY**, is an individual residing at 734 MILL ST # 1, BRIDGEVILLE, PA 15017.

3. Plaintiff's cause of action is based upon a writing.

4. Defendant, **PATRICIA CRAWLEY**, was indebted to **HSBC CONSUMER LENDING USA, INC.** for a breach of the written contract by and between them in the amount of **$3,600.26** which balance was due and unpaid as of August 30, 2014, for loan account number ███████████████. <Exhibit A>

5. Upon charge-off, the above account number was changed to ██████████.

6. On or about September 15, 2014, **SPRINGLEAF FINANCIAL** sold the debt for good and valuable consideration to plaintiff, CACH, LLC<Exhibit B>

7. The Defendant, Patricia Crawley, last tendered a payment on **03/17/2014.**

8. Plaintiff is not currently in possession of the original writing as same has not yet been provided. However, Defendant was provided with monthly statements setting forth the substance of the terms and conditions of the original writing. As such, Defendant's own receipt of the loan indicates acceptance of those terms and conditions of the Loan Agreement and that the account charges were fair and reasonable. Plaintiff has attached hereto as Exhibit A relevant account statements. Further, it is believed and therefore averred Defendant may or should reasonably be in possession of the applicable terms and conditions applicable to Defendant's account.

9. Plaintiff is entitled to court costs $242.00.

10. The defendant, being indebted to the plaintiff upon the account by and between them did promise to pay said sums upon demand. Demand has been made for payment and the defendant has failed to remit payment.

WHEREFORE, plaintiff demands judgment against the defendants for **$3,842.26** which includes interest and court costs. In addition to these damages and costs, Plaintiff includes a request for any other relief that the court finds reasonable and equitable.

Date:  June 05, 2015

_____
Ryan E. Calef, Esq.

# IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

CACH, LLC,

      Plaintiff,

v.

PATRICIA CRAWLEY,

      Defendant.

CIVIL DIVISION

No. AR-15-003007

DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY

2016 JAN 27 PH 2: 35

## ORDER OF COURT

AND NOW, to wit, this __27__ day of ___JAN___, 2016, upon presentation of

the attached Preliminary Objections and Brief filed on behalf of Defendant and after due and

deliberate consideration of the facts contained therein, it is hereby ORDERED, ADJUDGED and

DECREED that Plaintiff's Second Amended Complaint is stricken and this case is dismissed

with prejudice.

BY THE COURT:

_____ J.

# PHILIP A. FABIANO, LLC

## ATTORNEY AT LAW

### 100 Ross Street – Suite 101, Pittsburgh, PA 15219-2301

October 20, 2015

Lynn Taber, Esquire
Ryan Edward Calef, Esquire
1276 Veterans Highway, Suite E-1
Bristol Pennsylvania 19007

      Re:  CACH, LLC v. Patricia Crawley
           Allegheny County AR 15-003007

Dear Ms. Taber:

      Enclosed please find a copy of the Defendant's Preliminary Objections to Second Amended Complaint and supporting Brief in the above caption cases. The originals are filed with the Department of Court Records.

      Argument on the Preliminary Objections will be before the Honorable R. Stanton Wettick, Courtroom 815, City County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219 on November 6, 2015 at 10:00 a.m. or as soon thereafter as suits the convenience of the court.

      **Please note that regardless of the outcome of these pleadings I will continue to represent the Defendants and any contact regarding these claims should be directed only to me. Kindly inform your client.**

      If you have any questions, please feel free to contact me.

               Very truly yours,

               *Philip A. Fabiano*

PAF/
Enclosure
Cc: Patricia Crawley

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.
### A PROFESSIONAL LAW CORPORATION
4545 MURPHY CANYON ROAD, 3RD FLOOR, SAN DIEGO, CALIFORNIA 92123
TEL (858) 244-7600 OR (800) 832-7675 FAX (858) 836-0318
www.pandf.us

| **ARIZONA** | **NEVADA** | **NEW MEXICO** | **OREGON** | **PENNSYLVANIA** | **WASHINGTON** |
|---|---|---|---|---|---|
| 3260 NORTH HAYDEN RD #209 | 7271 W. CHARLESTON BLVD #100 | 3550 MENAUL BLVD. NE #A-315 | 1418 SW 1st AVE, #205 | 501 CORPORATE DRIVE | 19401 40th AVE. WEST, #240 |
| SCOTTSDALE, AZ 85251 | LAS VEGAS, NV 89117 | ALBUQUERQUE, NM 87112 | PORTLAND, OR 97201 | SOUTHPOINTE, SUITE 285 | LYNNWOOD, WA 98036 |
| TEL: (800) 832-7675 | TEL: (702) 952-2032 | TEL: (800) 832-7675 | TEL: (503) 208-2676 | CANONSBURG, PA 15317 | TEL: (425) 361-1662 |
| FAX: (480) 247-2783 | (800) 867-3392 | FAX: (858) 834-0318 | (800) 832-7675 | TEL: (412) 429-7678 (866) 772-7678 | (888) 832-7675 |
| | FAX: (702) 992-6286 | | FAX: (503) 954-3586 | FAX: (412) 429-7679 | FAX: (425) 967-3508 |

January 08, 2018

PATRICIA CRAWLEY
# 1 734 MILL ST
BRIDGEVILLE, PA 15017-251

850008/960014

| | |
|---|---|
| Current Owner: | CACH, LLC (9250-21) |
| Original Creditor: | HSBC Consumer Lending (USA), Inc. |
| Account Number: | XXXXXXXXXX5148 |
| Our File Number: | 17-114428 |
| Balance Due: | $3,600.26 |
| Charge Off Date: | August 30, 2014 |

Dear Patricia Crawley:

Please be advised that (CACH, LLC) has purchased the above referenced account.

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client. If you wish to eliminate further collection action, please contact us at 800-832-7675 ext. 8200.

Unless you notify this office within THIRTY (30) days of receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within THIRTY (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment. Further, if you make a written request upon this office within THIRTY (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

Law Office of Patenaude & Felix

GREGG L. MORRIS, ESQ.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**
**This is an attempt to collect a debt, and any information obtained will be used for that purpose.**



Docket Number: MJ-05221-CV-0000037-2018

# Civil Docket

CACH, LLC
v.
Patricia Crawley

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Maureen McGraw-Desmet | File Date: | 02/22/2018 |
| Claim Amount: | $3,600.26 | Case Status: | Closed |
| Judgment Amount: | | County: | Allegheny |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 04/03/2018 | 10:00 am | | Magisterial District Judge Maureen McGraw-Desmet | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Crawley, Patricia | Bridgeville, PA 15017 |
| Plaintiff | CACH, LLC | Las Vegas, NV 89113 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05221-CV-0000037-2018 | CACH, LLC | Patricia Crawley | Dismissed Without Prejudice | 03/09/2018 |

## ATTORNEY INFORMATION

**Complainant's Attorney**

Name: Gregg Lawrence Morris, Esq.

Representing: CACH, LLC

Counsel Status: Active - Entry of Appearance

Supreme Court No.: 069006

Phone No.: 412-429-7675

Address: Patenaude & Felix APC
Southpointe Center
501 Corporate Dr Ste 205
Canonsburg, PA 15317

Entry of Appearance Filed Dt: 02/22/2018

Withdrawal of Entry of Appearance Filed Dt:

**Private**

Name: Philip Anthony Fabiano, Esq.

Representing: Crawley, Patricia

Counsel Status: Active - Entry of Appearance

Supreme Court No.: 044751

Phone No.:

Address: 810 Grant Street - Suite 2727
Pittsburgh, PA 15219

Entry of Appearance Filed Dt: 03/07/2018

Withdrawal of Entry of Appearance Filed Dt:

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.



CACH, LLC
v.
Patricia Crawley

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 03/09/2018 | Dismissed Without Prejudice | Magisterial District Court 05-2-21 | Patricia Crawley, Defendant |
| 03/08/2018 | Certified Civil Complaint Accepted | Magisterial District Court 05-2-21 | Patricia Crawley, Defendant |
| 03/07/2018 | Entry of Appearance Filed | Philip Anthony Fabiano, Esq. | Patricia Crawley, Defendant |
| 03/07/2018 | Intent to Defend Filed | Patricia Crawley | Patricia Crawley, Defendant |
| 02/26/2018 | Certified Civil Complaint Issued | Magisterial District Court 05-2-21 | Patricia Crawley, Defendant |
| 02/22/2018 | Entry of Appearance Filed | Gregg Lawrence Morris, Esq. | CACH, LLC, Plaintiff |
| 02/22/2018 | Civil Complaint Filed | CACH, LLC | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

COUNTY OF: **ALLEGHENY**

# CIVIL COMPLAINT

| | |
|---|---|
| Magisterial District Number: 05-2-21 | |
| MDJ Name: Hon. MAUREEN MCGRAW-DESMET | |
| Address: 285 MILLERS RUN RD. BRIDGEVILLE, PA 15017 | |
| Telephone: 412-221-3353 | |

**PLAINTIFF:**   NAME and ADDRESS

CACH, LLC
6801 S. CIMARRON ROAD, SUITE 424-H
LAS VEGAS, NV 89113

VS.

**DEFENDANT:**   NAME and ADDRESS

PATRICIA CRAWLEY
# 1 734 MILL ST
BRIDGEVILLE PA 15017-251

Docket No.: **CV-37-18**

Date Filed: **FEBRUARY 22, 2018**

| | AMOUNT | DATE PAID |
|---|---|---|
| FILING COST | $ 128.25 | 2-22-18 |
| POSTAGE | $ 6.64 | 2-22-18 |
| SERVICE COSTS | $ | |
| CONSTABLE ED. | $ | |
| TOTAL | $ | |

*Social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account number must be established, list only the last four digits. 204 Pa.Code §§ 213.1 -213.7.*

Pa.R.C.P.D.J. No. 206 sets forth those costs recoverable by the prevailing party.

**TO THE DEFENDANT:** The above named plaintiff(s) asks judgment against you for $3,600.26 together with costs upon the following (Civil fines must include citation of the statute or ordinance violated):

Plaintiff, CACH, LLC is the Assignee and Successor in Interest of account number XXXXXXXXX5148; and, credit account was issued to Defendant(s) by HSBC Consumer Lending (USA), inc., the Original Creditor. Defendant received, accepted and used the account to its benefit. This account is in default due to defendant's failure to make payments. Although demand has been made, Defendant has failed to make payment of the amount due and owing. T amount due and owing as of this date is $3,600.26.

Our File No.: 654009540

I, GREGG L. MORRIS or BRYAN J. POLAS verify that the facts set forth in this complaint are true and correct to the best of my knowled information, and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa. C.S. § 4904) relat unsworn falsification to authorities.

(Signature of Plaintiff or Authorized Agent)

The plaintiff's attorney shall file an entry of appearance with the magisterial district court pursuant to Pa.R.C.P.M.D.J. 207.1

**IF YOU INTEND TO ENTER A DEFENSE TO THIS COMPLAINT, YOU SHOULD SO NOTIFY THIS OFFICE IMMEDIATELY AT ABOVE TELEPHONE NUMBER. YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE. UNLESS YOU JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.**

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five (5) days before the date set for the hearing.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation

AOPC 308A-11

PA_16R DJ Resurgent Complaint          P&F File No. 17-114428

# ATTORNEY AT LAW

**810 Grant Street**
**Suite 2727, Grant Building**
**Pittsburgh, PA 15219**

Telephone: 412-246-4771
Facsimile: 412-246-4776

Email: pfabiano@fabianolawoffice.com

March 5, 2018

Judge Maureen McGraw-Desmet
295 Millers Run Road
Bridgeville, PA 15017

> Re: CACH LLC v. Patricia Crawley
>       MJ-05221-CV-0000037-2018

Dear Judge McGraw-Desmet:

I represent the defendant, Patricia Crawley, in the above captioned cases. The defendant intends to defend these claims.

Very truly yours,

*Philip A. Fabiano*

PAF/mah

cc:   Gregg L. Morris, Esquire

| **ARIZONA** | **NEVADA** | **NEW MEXICO** | **OREGON** | **PENNSYLVANIA** | **WASHI** |
|---|---|---|---|---|---|
| 3340 NORTH HAYDEN RD #209 | 7271 W. CHARLESTON BLVD #100 | 8500 MENAUL BLVD. NE #A-313 | 1618 SW 1st AVE., #205 | 301 CORPORATE DRIVE | 19401 40th |
| SCOTTSDALE, AZ 85251 | LAS VEGAS, NV 89117 | ALBUQUERQUE, NM 87112 | PORTLAND, OR 97201 | SOUTHPOINTE, SUITE 205 | LYNNWOO |
| TEL: (800) 832-7675 | TEL: (702) 952-2032 | TEL: (800) 832-2678 | TEL: (503) 298-2676 | CANONSBURG, PA 15317 | TEL: (425) |
| FAX: (480) 247-2783 | (800) 867-2002 | FAX: (858) 836-0318 | (800) 832-7673 | TEL: (412) 429-7675/(866) 772-7675 | (800) |
| | FAX: (702) 993-6296 | | FAX: (503) 954-3586 | FAX: (412) 429-7679 | FAX: (425) |

March 06, 2018

880008/960014

PATRICIA CRAWLEY
# 1 734 MILL ST
BRIDGEVILLE PA 15017-2517

|  |  |
|---|---|
| Current Owner: | CACH, LLC (9250-21) |
| Original Creditor: | HSBC Consumer Lending (USA), Inc. |
| Account Number: | XXXXXXXXXX5148 |
| Our File Number: | 17-114428 |
| Account Balance: | $3,600.26 |
| Proposed Settlement: | $2,160.16 |

Dear Patricia Crawley:

The purpose of this letter is to advise you of a settlement program that has been initiated by our clie regarding your outstanding balance. The following is the settlement proposal:

For a limited time, our client has granted this office with the authority to make a settlement offer SIXTY PERCENT (60%) of the account balance through April 20, 2018. The proposed settlement amount on th account is $2,160.16. The settlement program must be confirmed with our office *prior* to receipt of funds. Plea call our office to confirm arrangement. Upon receipt and clearing of funds, your account will be consider Settled in Full and no more sums will be due and payable. In the event that litigation is pending or a judgment h been entered, our office will perform all *steps necessary to discontinue the matter or satisfy the judgment.*

Please contact our office immediately at our toll free number 800-832-7675 ext. 8200 to advise of yo intentions. If you should have any further questions and/or comments, please do not hesitate to call and speak one of our representatives.

Very Truly Yours,

**LAW OFFICE OF PATENAUDE & FELIX**

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**
This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Please fill in the stub below, detach the stub and return with your remittance.

-------------------------------------------------------------------

| Client: CACH, LLC | Account Number: XXXXXXXXXX5 |
|---|---|
| | Our File Number: 17-114 |

Remitter: _____ Amount Enclosed: $_____

**PLEASE REMIT PAYMENT TO: 4545 MURPHY CANYON RD, 3RD FL, SAN DIEGO CA 92123
OR YOU CAN MAKE A PAYMENT ON OUR WEBSITE AT WWW.PANDF.US**

PRPF68



st. No: MDJ-05-2-21
me: Honorable Maureen McGraw-Desmet

:   295 Millers Run Road
    Bridgeville, PA 15017

ne: 412-221-3353

CACH, LLC
v.
Patricia Crawley

icia Crawley
Mill Street, #1
geville, PA 15017

Docket No: MJ-05221-CV-0000037-2018
Case Filed: 2/22/2018

tion Hearing has been scheduled to be held on/at:

| x Tuesday, April 3, 2018 | Place: | Magisterial District Court 05-2-21, Bridgeville |
| e: 10:00 AM | | 295 Millers Run Road |
| | | Bridgeville, PA 15017 |
| | | 412-221-3353 |

FF:

hereby notified that the defendant named below has given notice of his/her intent to present a defense at the hearing
ove case.

ANT(S)
:rawley

March 07, 2018

*Maureen McGraw-Desmet*



Date

Magisterial District Judge Maureen McGraw-Desmet

/07/2018 1:36:03PM

FREE INTERPRETER
www.pacourts.us/language-rights
412-350-4044



**NOTICE OF JUDGMENT/TRANSCRIPT**
**CIVIL CASE**

| | |
|---|---|
| Mag. Dist. No: | MDJ-05-2-21 |
| MDJ Name: | Honorable Maureen McGraw-Desmet |
| Address: | 295 Millers Run Road<br>Bridgeville, PA 15017 |
| Telephone: | 412-221-3353 |

CACH, LLC
v.
Patricia Crawley

Patricia Crawley
734 Mill Street, #1
Bridgeville, PA 15017

Docket No: MJ-05221-CV-0000037-2018
Case Filed: 2/22/2018

## Disposition Details

**Disposition Summary** (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition D |
|---|---|---|---|---|
| MJ-05221-CV-0000037-2018 | CACH, LLC | Patricia Crawley | Dismissed Without Prejudice | 03/09/2 |

Comments:

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WIT THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION. YOU MUST INCLUDE A COPY OF THIS NOTICE O JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMEI HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM TI COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLE OR OTHERWISE COMPLIES WITH THE JUDGMENT.

3-9-18
Date

_Maureen McGraw-Desmet_
Magisterial District Judge Maureen McGraw-Desmet

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____        _____
Date                                   Magisterial District Judge

FREE INTERPRETER
www.pacourts.us/language-right
412-350-4044

# Participant List

**Private(s)**

Philip Anthony Fabiano, Esq.
810 Grant Street - Suite 2727
Pittsburgh, PA 15219

**Plaintiff(s)**

CACH, LLC
6801 S. Cimarron Road, Suite 424-H
Las Vegas, NV 89113

**Defendant(s)**

Patricia Crawley
734 Mill Street, #1
Bridgeville, PA 15017

**Complainant's Attorney(s)**

Gregg Lawrence Morris, Esq.
Patenaude & Felix APC
Southpointe Center
501 Corporate Dr Ste 205
Canonsburg, PA 15317

 **County** | Docket No:

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N   A**

**Commencement of Action:**

- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking
- ☐ Notice of Appeal

Lead Plaintiff's Name: *Patricia Crawley*

Lead Defendant's Name: *CACH, LLC*

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney: *Philip A. Fabiano*

| Are money damages requested? : ☒ Yes ☐ No | Dollar Amount Requested: (Check one) | ☐ within arbitration limits ☒ outside arbitration limits |

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**S E C T I O N   B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☒ Other: *FDCPA*

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other
  _____

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Pa.R.C.P. 205.5*

2