IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| PATRICIA CRAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CV-00234-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| CACH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION[1]**

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

**I.     INTRODUCTION**

This civil action was removed to this court from the Court of Common Pleas of Allegheny

County, Pennsylvania on March 5, 2019.  Plaintiff Patricia Crawley brings the present action

against Defendant Cach, LLC for alleged violations of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692-1692p ("FDCPA") and related state law claims.  This court has subject matter

jurisdiction over the controversy pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction

pursuant to 28 U.S.C. § 1367.

Presently pending before the court is a motion by Defendant to dismiss the claims against

it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF No. 4).

For the reasons that follow, Defendant's motion is denied.

---

[1]     All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

## II.    BACKGROUND

On June 23, 2015, Defendant filed a complaint in civil action in the Court of Common Pleas of Allegheny County, Pennsylvania against Plaintiff involving a consumer loan with the original creditor of HSBC Consumer Lending, USA, Inc. ("HSBC") alleging a breach of contract and demanded judgment in the amount of $3,600.26. Compl. (ECF No. 1-2) at ¶¶ 16-18. Defendant purchased the alleged delinquent account from Springleaf Financial, who had previously acquired the account from HSBC. *Id*. at ¶ 19.  On preliminary objections to the state court action, the court dismissed the action with prejudice on January 27, 2016. *Id*. at ¶ 21.

On January 8, 2018, Defendant sent Plaintiff a letter seeking payment from Plaintiff for the $3,600.26 obligation. *Id*. at ¶ 25.  On February 22, 2018, Defendant filed a second lawsuit in magisterial court in Allegheny County, Pennsylvania demanding payment for the same obligation. *Id*. at ¶ 31.  On March 5, 2018, counsel for Plaintiff entered an appearance for Plaintiff and gave notice of Plaintiff's intention to present a defense at the hearing. *Id*. at ¶ 35.  On March 6, 2018, Defendant sent another letter directly to Plaintiff urging payment and settlement of the claim and if accepted, Defendant would take all steps necessary to discontinue the magisterial court lawsuit. *Id*. at ¶ 36.  On March 7, 2018, the court notified Defendant's counsel of Plaintiff's intention to defend the claim and Defendant thereafter withdrew the claim. *Id*. at ¶¶ 37-38.  On or about March 9, 2018, the magisterial court issued a disposition showing the complaint was "dismissed without prejudice." *Id*. at ¶ 39.  Plaintiff claims that the significance of the case being dismissed without prejudice is that Defendant retains a right to refile the action at a later date. *Id*. at ¶ 40.  Plaintiff also claims that during this entire time, she was represented by counsel and Defendant had actual knowledge that she was represented by the same counsel that represents here in this case, yet chose to communicate directly with Plaintiff in violation of, *inter alia*, the FDCPA.

Plaintiff alleges that Defendant's conduct has violated the FDCPA (Count I); Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 C.S. § 201-1, *et seq.* ("UTPCPL") (Count II); Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa. Stat. Ann. § 2270.1, *et seq.* ("FCEUA") (Count III); and constitutes an invasion of privacy under Pennsylvania common law (Count IV).  Defendant moves to dismiss Plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## III.    STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).   Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

## IV. DISCUSSION

Defendant seeks dismissal of Plaintiff's complaint on myriad grounds. Each will be addressed in turn.

### a. Defendant as a "debt collector"

Defendant first argues that Plaintiff's FDCPA claim should be dismissed because it is not

a debt collector, which is a requirement for all FDCPA claims.

For a plaintiff to state a claim under the FDCPA, she must show that (1) she is a consumer; (2) the defendant is a debt collector; (3) the defendant is attempting to collect a debt as defined by the FDCPA; and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Barbato v. Greystone All., LLC*, 916 F.3d 260, 265 (3d Cir. 2019), *cert. denied sub nom. Crown Asset Mgt. LLC v. Barbato*, 19-100, 2019 WL 4922726 (U.S. Oct. 7, 2019) (citations omitted).

A "debt collector" includes any person or entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" or a person or entity that "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6).

In the instant case, the complaint contains sufficient factual averments that discovery may reveal evidence that Defendant is a debt collector under the FDCPA. Defendant attempted to collect a debt from Plaintiff it asserted Plaintiff owed by causing demand for payment letters to be sent to Plaintiff on January 8, 2018 and March 6, 2018 and by filing a lawsuit against Plaintiff for the collection of that debt. *See e.g., Barbato*, 916 F.3d at 266–67. Moreover, the question of whether Defendant is a debt collector under the FDCPA is a determination more appropriate for resolution at the summary judgment stage with the benefit of a completed record.

Accordingly, Defendant's motion to dismiss is denied in this respect.

   b.   *"Ascertainable loss" under the UTPCPL*

Next, Defendant argues that Plaintiff's UTPCPL claim should be dismissed because she has not alleged an "ascertainable loss of money or property" as a result of its conduct which is a requirement for UTPCPL claims. Defendant, by extension, argues that because the FCEUA is

enforced through the remedial provisions of the UTPCPL, and because Plaintiff has not alleged an "ascertainable loss of money or property," that her FCEUA claim should also be dismissed.

The UTPCPL creates a private cause of action for "[a]ny person who purchases or leases goods or services . . . and thereby suffers any ascertainable loss" as a result of the conduct declared unlawful under the UTPCPL. 73 P.S. § 201–9.2(a). While the Pennsylvania Supreme Court has not specifically addressed what constitutes "ascertainable loss" under the UTPCPL, federal courts and lower Pennsylvania state courts have required that the loss asserted be "an actual, non-speculative, loss of money or property." *Grimes v. Enterprise Leasing Co. of Phila., LLC*, 105 A.3d 1188, 1193 (Pa. 2014); *Hall v. Equifax Info. Services LLC*, 204 F. Supp. 3d 807, 812 (E.D. Pa. 2016); *Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 360 (E.D. Pa. 2013); *Levy-Tatum v. Navient and Sallie Mae Bank*, CV 15-3794, 2016 WL 75231, at *9 (E.D. Pa. Jan. 7, 2016). The Pennsylvania Supreme Court has held that retaining counsel to bring a UTPCPL claim without more does not constitute the ascertainable loss requirement of the UTPCPL. *Grimes*, 105 A.3d at 1193. The Pennsylvania Supreme Court reasoned that to allow the ascertainable loss requirement to be met by hiring an attorney to bring a UTPCPL claim would "allow a plaintiff to manufacture the 'ascertainable loss' required to being a private UTPCPL claim simply by obtaining counsel to bring a private UTPCPL claim[.]" *Id*.

In the instant matter, Plaintiff alleges that her loss was caused by attorneys' fees incurred in defending her in response to the allegedly unlawful collection efforts, including collection letters and the collection lawsuit filed against her. Plaintiff does not simply tether her ascertainable loss to attorneys' fees incurred in bringing the current lawsuit and alleges her losses were incurred prior to the filing of the instant action. Incurring attorneys fees to defend against allegedly unlawful debt collection practices does not support a finding that Plaintiff's loss was manufactured simply

to bring this lawsuit and supports a finding that she would otherwise have the money paid to her

attorneys but for Defendant attempting to unlawfully collect debt. *See Weinberg v. Sun Co., Inc.*,

777 A.2d 442, 446 (Pa. 2001). As such, the court cannot find at this procedural juncture that

Plaintiff has failed to plead facts regarding the ascertainable loss requirement of the UTPCPL and

therefore, Defendant's motion to dismiss is denied in this respect.

### c. *Invasion of privacy*

Next, Defendant argues that Plaintiff's invasion of privacy claim should be dismissed

because Plaintiff has failed to allege sufficient facts to establish that Defendant's actions caused a

substantial or highly offensive intrusion into her private affairs.

Pennsylvania recognizes four torts under invasion of privacy: (1) unreasonable intrusion

upon the seclusion of another; (2) appropriation of another's name or likeness; (3) unreasonable

publicity given to another's private life; and (4) publicity that unreasonably places the other in a

false light before the public. *Burger v. Blair Med. Assocs., Inc.*, 964 A.2d 374, 376–77 (2009)

(citing Restatement (Second) of Torts §§ 652B–E (1977)).

Here, Plaintiff asserts an "intrusion upon seclusion" claim against Defendant. To state a

claim for intrusion upon seclusion under Pennsylvania law, the plaintiff must allege conduct

demonstrating "an intentional intrusion upon the seclusion of their private concerns which was

substantial and highly offensive to a reasonable person, and aver sufficient facts to establish that

the information disclosed would have caused mental suffering, shame or humiliation to a person

of ordinary sensibilities." *Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243,

247 (2002).

Here, Plaintiff includes sufficient factual allegations to state a claim for intrusion upon

seclusion. She alleges that Defendant filed a frivolous lawsuit against her with no legal authority

to do so in order to collect a debt that she did not owe and that Defendant knew that she did not

owe the debt. Such conduct is substantial and highly offensive to a reasonable person that would

have caused mental suffering, shame or humiliation to a person of ordinary sensibilities. *See e.g.,*

*Gamble v. Fradkin & Weber, P.A.*, 846 F. Supp. 2d 377, 383 (D. Md. 2012) (suggesting that the

collection of a debt in which the debt collectors knew was no longer owed may support a finding

that a reasonable person would find the conduct highly offensive under Maryland's intrusion upon

seclusion tort). Accordingly, Defendant's conduct is a question to be fleshed out in discovery and

more appropriate for resolution at the summary judgment stage with the benefit of a completed

record. Therefore, Defendant's motion to dismiss is denied in this respect.

### d. *Punitive and treble damages*

Lastly, Defendant asks the court to strike Plaintiff's demand for punitive damages and

treble damages under the UTPCPL. Defendant argues that punitive damages are only allowable

in circumstances where it can be shown that the actor's intent is malicious or reckless, and Plaintiff

has failed to allege such conduct and her demand for punitive damages should be stricken.

Defendant then argues that because treble damages are punitive, those damages should also be

stricken.[2]

Defendant misinterprets the applicability of treble damages in a UTPCPL claim. Under

the UTPCPL, upon a finding of liability, "[t]he court may, in its discretion, award up to three times

the actual damages sustained . . . and may provide such additional relief as it deems necessary or

proper." Pa. Stat. Ann. tit. 73, § 201-9.2(a). Treble damages are considered through the lens of

---

[2]    Defendant argues for the first time in its reply that to the extent that Plaintiff seeks punitive
damages under her FDCPA claims, she is not entitled to said damages. Because Defendant first
brings this argument in a reply brief, it will not be addressed by the court, as is it not properly
before the court.

the court's discretion and not through the lens of the defendant's intent vis a vis common law requirements for punitive damages. *Schwartz v. Rockey*, 932 A.2d 885, 898 (Pa. 2007) ("treble damages under the UTPCPL, although punitive in nature, are not constrained by the common-law requirements associated with an award of punitive damages."). To the extent that a court's discretion should be limited to awarding treble damages in instances where the defendant's conduct is intentional or reckless, Plaintiff has alleged sufficient factual averments that support an award of treble damages, as she alleges that Defendant filed a collection lawsuit against her knowing that the debt was uncollectable. Such conduct supports a finding of recklessness.

As for Defendant's argument that Plaintiff's claim for punitive damages under her UTPCPL claim should also be stricken for failure to allege intent or recklessness, this argument also misses the point. The Pennsylvania Superior Court has held that a trial court has discretion to award treble damages for a UTPCPL claim, but is "prohibited from imposing punitive damages" under the UTPCPL. *Richards v. Ameriprise Fin., Inc.*, 152 A.3d 1027, 1039-40 (Pa. Super. Ct. 2016). *But see Werwinski v. Ford Motor Co.*, 2000 WL 375260, at *4 (E.D. Pa. Apr. 11, 2000), *aff'd*, 286 F.3d 661 (3d Cir. 2002) ("The UTPCPL allows a court discretionary authority to award punitive damages in addition to actual and treble damages in cases where the court finds such additional relief to be 'necessary or proper.' "), *aff'd*, 286 F.3d 661 (3d Cir. 2002); *Aronson v. Creditrust Corp.*, 7 F. Supp. 2d 589, 593 (E.D. Pa. 1998) (same). Because Defendant does not make this argument, the court will not make such a decision at this juncture. Accordingly, Defendant's motion is denied in this respect.

## V.     CONCLUSION

Based on the foregoing, Defendant's motion to dismiss (ECF No. 4) is denied in its entirety. An appropriate Order follows.

DATED this 16th day of December, 2019.

                                        BY THE COURT:

                                        s/Cynthia Reed Eddy
                                        Chief United States Magistrate Judge